UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

_____
                                )
NINA VIERA,                     )
                                )
          Plaintiff,            )
                                )
      v.                        )    C.A. No. 13-769-S
                                )
P.A.R.I. INDEPENDENT LIVING     )
CENTER, INC.,                   )
                                )
          Defendant.            )
_____)

**OPINION AND ORDER**

WILLIAM E. SMITH, Chief Judge.

    The Clerk of the Court made an entry of default in favor of

Plaintiff Nina Viera in the above-captioned matter on February

28, 2014.  Defendant, P.A.R.I. Independent Living Center, Inc.

("PARI"), has filed a Motion to Set Aside Default (ECF No. 8)

pursuant to Federal Rule of Civil Procedure 55(c), asking that

the Court excuse PARI's failure to timely respond to Plaintiff's

complaint – the inaction that gave rise to the entry of default.

For the reasons that follow, PARI's Motion is GRANTED.

I.   Background

    Plaintiff brought this claim under the Family and Medical

Leave Act, 29 U.S.C. § 2601, et seq. ("FMLA") and the Rhode

Island Parental and Family Medical Leave Act, R.I. Gen. Laws §

28-48-1, et seq. ("RIPFMLA") following her termination from

PARI, which she claims was the result of unlawful discrimination. An Amended Complaint was filed on January 13, 2014 and service was executed on Leo Canuel ("Canuel"), PARI's Executive Director, at PARI's offices on January 14. (Proof of Service, ECF No. 3.) PARI represents that Canuel had recently returned to the office from surgery at that time.[1] (Mem. in Supp. of Mot. to Set Aside Default 3, ECF No. 8.)

After PARI failed to reply to the Amended Complaint, Plaintiff promptly moved for entry of default (ECF No. 4). When a copy of Plaintiff's application for entry of default was delivered to PARI by mail, Canuel contacted PARI's insurer under the mistaken belief that the insurer was obligated to defend the claim.[2] When the insurer did not engage counsel or otherwise take action to defend the suit, PARI did not respond to the application for entry of default and the Clerk granted the application (ECF No. 6).

II. Discussion

"The Court may set aside an entry of default for good cause . . . ." Fed. R. Civ. P. 55(c). "There is no mechanical formula for determining whether good cause exists and courts may consider a host of relevant factors." Indigo Am., Inc. v. Big

---

[1] Canuel represents that he does not recall being served, but the returned summons suggests that he was.

[2] Canuel's belief was mistaken because the policy did not have a so-called duty-to-defend provision.

_Impressions, LLC_, 597 F.3d 1, 3 (1st Cir. 2010) (citing _KPS &_
_Assocs. v. Designs by FMC, Inc._, 318 F.3d 1, 12 (1st Cir.2003)).
Courts typically consider: "(1) whether the default was
willful; (2) whether setting it aside would prejudice the
adversary; and (3) whether a meritorious defense is presented."
_Id._ Other factors include: "(4) the nature of the defendant's
explanation for the default; (5) the good faith of the parties;
(6) the amount of money involved; and (7) the timing of the
motion." _Id._ (quoting _KPS_, 318 F.3d at 12). "The burden of
demonstrating good cause lies with the party seeking to set
aside the default." _Id._

Upon review of these factors, the Court concludes that PARI
has carried its burden and that the entry of default is
appropriately set aside. With respect to the first factor,
Canuel may have acted carelessly, but his failure to initiate
PARI's defense was not willful. Canuel represents that he has
no recollection of being served and proffers as evidence that he
had recently returned to the office from surgery. Once Canuel
received a reminder of the suit in the form of Plaintiff's
application for entry of default, he promptly contacted PARI's
insurer under the (albeit mistaken) assumption that the insurer
would arrange to defend the suit.

Likewise, the second factor weighs in PARI's favor as
Plaintiff has not demonstrated that she would suffer prejudice

were the default to be set aside. Plaintiff argues that doing so would require her to "litigate this matter in accordance with the Federal Rules of Civil Procedure" and to "attend various court hearings and have a trial in this matter on the issues of both liability and damages." But, to merely "require the [plaintiff] to litigate the action is insufficient prejudice to require the default decree to stand." United States v. One Parcel of Real Property, 763 F.2d 181, 183 (5th Cir. 1985). Indeed, "[e]arly in the case, as when a default has been entered but no judgment proven, a liberal approach is least likely to cause unfair prejudice to the nonmovant." Coon v. Grenier, 867 F.2d 73, 76 (1st Cir. 1989).

The third factor – assessing whether the party seeking to vacate an entry of default has presented a meritorious defense – also favors PARI. PARI plausibly contends that it did not employ Plaintiff for purposes of the FMLA and the RIPFMLA, and that, in any event, its employment of fewer than 50 individuals would preclude liability. (See Mem. in Supp. of Mot. to Set Aside Default 5-6.) These arguments may or may not pan out as the suit progresses, but at a minimum they suggest that PARI has the potential to present a meritorious defense.

Finally, it is worth noting that several of the additional factors counsel in favor of setting aside the entry of default. As noted, Canuel proffered a reasonable explanation for his

initial inattention to the suit as a result of his surgery (suggesting that the default was not the result of bad faith), and a mere two weeks passed between the Clerk's entry of default and PARI's filing of its Motion to Set Aside Default.

"Allowing an entry of default to be set aside on a showing of reasonable justification is in keeping . . . with the philosophy that actions should ordinarily be resolved on their merits . . . ." Grenier, 867 F.2d at 76. For all of these reasons, PARI's Motion to Set Aside Default is GRANTED.

IT IS SO ORDERED.

_____
William E. Smith
Chief Judge
Date: April 15, 2014